## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DOUGLAS COX** | )<br>) |
| City University of New York School of Law | ) |
| 2 Court Square | ) |
| Long Island City, NY 11101 | )<br>) |
|          Plaintiff | ) |
|   v. | )<br>)   Civil Action No. 17-cv-3329 |
| | ) |
| **DEPARTMENT OF JUSTICE** | ) |
| 950 Pennsylvania Avenue NW | ) |
| Washington, DC 20530 | )<br>) |
| **FEDERAL BUREAU OF INVESTIGATION** | ) |
| 935 Pennsylvania Avenue, NW | ) |
| Washington, DC 20535 | )<br>) |
| **DEPARTMENT OF DEFENSE** | ) |
| 1400 Defense Pentagon | ) |
| Washington, DC 20301 | )<br>) |
| **OFFICE OF THE DIRECTOR OF**<br>**NATIONAL INTELLIGENCE** | )<br>) |
| Washington, DC 20511 | )<br>) |
| **DEPARTMENT OF STATE** | ) |
| 2201 C Street, NW | ) |
| Washington, DC 20522 | ) |
|          Defendants. | ) |

## COMPLAINT

1.    This is a Freedom of Information Act (FOIA), 5 U.S.C. § 552, suit for records improperly withheld by the Department of Justice (DOJ), the Federal Bureau of

Investigation (FBI), the Department of Defense (DOD), the Office of the Director of National Intelligence (ODNI), and the Department of State (DOS).

2.     The requested records include copies of the Senate Select Committee on Intelligence's *Study of the Central Intelligence Agency's Detention and Interrogation Program* (2014) (SSCI Report), which documents the U.S. government's program of unlawful torture. Plaintiff submitted FOIA requests for these records in December 2016. In subsequent correspondence in relation to these requests, Plaintiff highlighted to DOJ that the D.C. Circuit's decision in *ACLU v. CIA*, 823 F.3d 655 (D.C. Cir. 2016), was not binding in courts – including this Court – with jurisdiction over plaintiff's still active FOIA requests. Despite this, the *New York Times* reports today that the defendants have begun transferring their copies of the SSCI report out of agency control. *See* Mark Mazzetti & Matthew Rosenberg, *Trump Administration Starts Returning Copies of C.I.A. Torture Report to Congress*, N.Y. TIMES, Jun. 2, 2017. If accurate, Defendants' actions violate both FOIA and the federal records laws.

## JURISDICTION AND VENUE

3.     This court has both subject matter and personal jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper in this district based on plaintiff's principal place of business pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.     Plaintiff is an attorney and a Law Library Professor at the City University of New York School of Law. His principal place of business is at 2 Court Square, Long Island City, NY 11101.

5.     Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1).

6.      Defendant FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1).

7.      Defendant DOD is an agency within the meaning of 5 U.S.C. § 552(f)(1).

8.      Defendant ODNI is an agency within the meaning of 5 U.S.C. § 552(f)(1).

9.      Defendant DOS is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## PLAINTIFF'S DOJ FOIA REQUEST

10.     On December 21, 2016, plaintiff submitted a FOIA request to DOJ that requested a copy of the final SSCI Report "that was sent to the Department of Justice / Attorney General" and stored in the Office of Legislative Affairs SCIF.  Plaintiff also requested copies of any other copies of the SSCI Report in paper or electronic form as well as other related records.

11.     On December 22, 2016, DOJ assigned FOIA tracking number DOJ-2017-001360 to plaintiff's FOIA request.

12.     Despite this active FOIA request, on February 10, 2017, DOJ filed a Notice asserting compliance with a court order in the Guantanamo Bay litigation in the District Court of the District of Columbia that required the executive branch to provide a complete copy of the SSCI Report to the Court Security Officer (CSO).  Yet instead of providing a copy of an executive branch copy, as the court order clearly contemplated, DOJ transferred its only known copy – the specific copy that was the subject of plaintiff's FOIA request.

13.     On February 24, 2017, the DOJ partially responded to plaintiff's FOIA request by stating that the "SSCI Report on Torture" was not an agency record.  DOJ failed to disclose to plaintiff that it had already transferred its copy to the CSO.

14.     On February 28, 2017, plaintiff wrote to Melanie Ann Pustay, Director of the DOJ's Office of Information Policy, which is responsible for DOJ's FOIA operations, and to

James C. Luh, a DOJ Civil Division attorney working on the Guantanamo cases, and copied the General Counsel of the National Archives and Records Administration, Gary Stern. Letter to DOJ, *available at* http://www.dcoxfiles.com/02282017.pdf.  Plaintiff asked the DOJ to provide a representation that its actions in transferring its copy of the SSCI Report to the CSO had not undermined plaintiff's active FOIA request. Plaintiff gave the DOJ until March 8, 2017 to answer, but the DOJ never responded.

15.     On March 9, 2017, four U.S. Senators sent a letter on the same issue to Attorney General Jeff Sessions expressing concern that the DOJ had apparently "formally divested itself of its only copy" of the SSCI Report and urging the Attorney General to respond by either clarifying that it had not divested itself of its only copy or by replacing the DOJ's copy.  The Senators also stated that, "as we have repeatedly requested," DOJ should "establish the Study as an agency record pursuant to FOIA and as a federal record under the Federal Records Act, and disseminate it among appropriately cleared personnel with the U.S. Government."   Letter from Senators to Attorney General Jeff Sessions, Mar. 9, 2017, *available at* http://www.dcoxfiles.com/senatorsletter.pdf.  According to a May 15, 2017, letter to plaintiff – in response to a separate FOIA request not at issue in this case – the DOJ was unable to locate any record of a response from Attorney General Sessions to the Senators.

16.     In a letter dated March 29, 2017, plaintiff timely appealed DOJ's partial response to his FOIA request.

17.     The 20-day statutory period for substantively responding to plaintiff's full FOIA request and the 20-day statutory period to adjudicate the appeal of DOJ's partial

4

response has run, DOJ is improperly withholding records in violation 5 U.S.C. § 552, and plaintiff has constructively exhausted his administrative remedies.

## PLAINTIFF'S FBI FOIA REQUEST

18.     On December 21, 2016, plaintiff submitted a FOIA request to FBI that requested a copy of the final SSCI Report that was sent to then FBI Director James Comey that was stored in the Office of Legislative Affairs SCIF.  Plaintiff also requested copies of any other copies of the SSCI Report in paper or electronic form as well as other related records.

19.     FBI assigned tracking number FOIPA 1363703-000 to plaintiff's FOIA request.  On January 9, 2017, the FBI responded, stating that it was unable to locate any documents responsive to plaintiff's FOIA request.

20.     In a letter dated March 29, 2017, Plaintiff timely appealed.

21.     The 20-day statutory period for FBI to adjudicate the appeal has run, defendant FBI continues to improperly withhold records in violation of 5 U.S.C. § 552, and plaintiff has constructively exhausted his administrative remedies.

## PLAINTIFF'S DOD FOIA REQUEST

22.     On December 21, 2016, plaintiff submitted a FOIA request to DOD that requested a copy of the final SSCI Report that was located in the SCIF of the Under Secretary of Defense for Intelligence.  Plaintiff also requested copies of any other copies of the SSCI Report in paper or electronic form as well as other related records.

23.     DOD assigned case number 17-F-0370 to plaintiff's FOIA request.

24.     The 20-day statutory period for substantively responding to the FOIA request an any additional period for "unusual circumstances" under 5 U.S.C. § 552 has run,

defendant DOD is improperly withholding records, and plaintiff has constructively exhausted his administrative remedies.

## PLAINTIFF'S ODNI FOIA REQUEST

25.    On December 21, 2016, plaintiff submitted a FOIA request to ODNI that requested a copy of the final SSCI Report received by the ODNI in December 2014 and any other copies of the SSCI Report in paper or electronic form.

26.    ODNI assigned case number DF-2017-00099.

27.    The 20-day statutory period for substantively responding to the FOIA request under 5 U.S.C. § 552 has run, defendant ODNI is improperly withholding records, and plaintiff has constructively exhausted his administrative remedies.

## PLAINTIFF'S DOS FOIA REQUEST

28.    On December 21, 2016, plaintiff submitted a FOIA request to DOS that requested a copy of the final SSCI Report received by the DOS in December 2014 and any other copies of the SSCI Report in paper or electronic form.

29.    DOS assigned tracking number F-2016-17675.

30.    The 20-day statutory period for substantively responding to the FOIA request under 5 U.S.C. § 552 has run, defendant DOS is improperly withholding records, and plaintiff has constructively exhausted his administrative remedies.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

(1)    Order defendants DOJ, FBI, DOD, ODNI, and DOS to produce requested records;

6

(2)    Award plaintiff costs as provided in 5 U.S.C. § 552(a)(4)(E); and

(3)    Grant such other and further relief as the Court may deem just and proper.


                              Respectfully submitted,


                              Douglas Cox
                              City University of New York School of Law
                              Two Court Square
                              Long Island City, NY 11101
                              (718) 340-4241
                              douglas.cox@law.cuny.edu

                              *Plaintiff*


Dated:  June 2, 2017