IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **DOUGLAS COX**<br>City University of New York School of Law<br>2 Court Square<br>Long Island City, NY 11101<br>　　　　　　　Plaintiff<br>　　v.<br><br>**DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>**FEDERAL BUREAU OF INVESTIGATION**<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535<br><br>**DEPARTMENT OF DEFENSE**<br>1400 Defense Pentagon<br>Washington, DC 20301<br><br>**OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE**<br>Washington, DC 20511<br><br>**DEPARTMENT OF STATE**<br>2201 C Street, NW<br>Washington, DC 20522<br>　　　　　　　Defendants. | Civil Action No. 17-cv-3329 (RRM)(RLM) |

## AMENDED COMPLAINT

1.　　This is a Freedom of Information Act (FOIA), 5 U.S.C. § 552, suit for agency records improperly withheld by the Department of Justice (DOJ), the Federal Bureau of


Investigation (FBI), the Department of Defense (DOD), the Office of the Director of National Intelligence (ODNI), and the Department of State (DOS).

2. The requested records include, but are not limited to, agency copies of the Senate Select Committee on Intelligence's *Study of the Central Intelligence Agency's Detention and Interrogation Program* (SSCI Report), which documents the U.S. government's torture program.

3. Plaintiff submitted FOIA requests in December 2016. While plaintiff was pursuing administrative remedies in reliance on his belief, encouraged by defendants, that the defendants were complying with their legal obligations, the *New York Times* reported that certain defendants had begun transferring their copies of the SSCI Report to Congress. *See* Mark Mazzetti, Matthew Rosenberg & Charlie Savage, *Trump Administration Starts Returning Copies of C.I.A. Torture Report to Congress*, N.Y. TIMES, Jun. 2, 2017. Plaintiff filed this suit later that day.

## JURISDICTION AND VENUE

4. This court has both subject matter and personal jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper in this district based on plaintiff's principal place of business pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5. Plaintiff is an attorney and a Law Library Professor at the City University of New York School of Law. His principal place of business is at 2 Court Square, Long Island City, New York 11101.

6. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1).

7. Defendant FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1).

8. Defendant DOD is an agency within the meaning of 5 U.S.C. § 552(f)(1).

9. Defendant ODNI is an agency within the meaning of 5 U.S.C. § 552(f)(1).

10. Defendant DOS is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## PLAINTIFF'S DOJ FOIA REQUESTS

11. DOJ received at least one copy of the SSCI Report in December 2012.

12. Specifically, in December 2012, then-Chairman of the SSCI, Sen. Dianne Feinstein, sent a letter to then-President Barack Obama and copied then-Attorney General Eric Holder stating that the SSCI had "completed its study of the CIA's former detention and interrogation program and has produced a 6,000 page report, complete with an executive summary, findings, and conclusions" and that the SSCI had "approved the report by a vote of 9-6." The letter further stated that Chairman Feinstein was "sending copies of the report to appropriate Executive Branch agencies" and requested that "any response from these agencies" and "any suggested edits or comments" be sent to the SSCI by Feb. 15, 2012. A copy of this letter is attached as Exhibit A.

13. On information and belief, DOJ employees reviewed at least some portions of the December 2012 copy of SSCI Report received by the DOJ.

14. DOJ received a copy of the final SSCI Report in December 2014.

15. Specifically, then-Chairman of the SSCI, Sen. Dianne Feinstein, sent a December 2014 letter to then-President Barack Obama and copied then-Attorney General Eric Holder. The letter to Attorney General Holder enclosed a copy of the full SSCI Report. A copy of the letter is attached as Exhibit B.

16. In December 2014, DOJ received the letter and the enclosed copy of the final SSCI Report. The letter was assigned an agency tracking number and the SSCI Report was referenced as a classified attachment to the letter.

17. On information and belief, the agency tracking number for the letter that referenced the SSCI Report as a classified attachment was entered in a DOJ correspondence management system.

18. On information and belief, the specific correspondence management system was the Office of Legislative Affairs (OLA) system for congressional committee chairmen correspondence.

19. DOJ employees placed the classified attachment to the letter into an envelope, marked the outside of the envelope with "Senate Intel RDI Report" and placed it in the OLA Secret Compartmented Information Facility (SCIF).

20. On December 21, 2016, plaintiff submitted a FOIA request to DOJ that requested a copy of the final SSCI Report "that was sent to the Department of Justice / Attorney General" and specifically noted that it had been stored in the OLA SCIF. Plaintiff also requested copies of any other copies of the SSCI Report – whether final or draft form and whether in paper or electronic form - as well as DOJ records that quote the SSCI Report. Plaintiff also requested other records related to any copies of the SSCI Report that were removed, transferred, or destroyed and any communications between DOJ and other entities regarding how to handle or treat copies of the SSCI Report. Plaintiff's FOIA request to DOJ is attached as Exhibit C.

21. On information at belief, at the time of plaintiff's FOIA request DOJ continued to possess at least one copy of the December 2012 SSCI Report.

22. At the time of plaintiff's FOIA request, DOJ continued to possess at least one copy of the final SSCI Report.

23. On December 22, 2016, DOJ assigned FOIA tracking number DOJ-2017-001360 to plaintiff's FOIA request.

24. On February 10, 2017, DOJ filed a Notice asserting compliance with an order from Senior District Judge Royce C. Lamberth in the Guantanamo Bay litigation in the District Court of the District of Columbia that required respondents in that case to provide a copy of the final SSCI Report to the Court Security Officer (CSO). Yet instead of providing a copy of a respondent copy of the SSCI Report, DOJ transferred its only known copy of the final SSCI Report – a copy specifically identified in plaintiff's FOIA request.

25. On February 24, 2017, DOJ partially responded to plaintiff's FOIA request by stating that the "SSCI Report on Torture" – as the DOJ letter characterized the record – was not an "agency record" under FOIA. DOJ did not disclose to plaintiff that it had transferred its copy to the CSO.

26. On February 28, 2017, plaintiff wrote to Melanie Ann Pustay, Director of DOJ's Office of Information Policy, which is responsible for DOJ's FOIA operations, and to James C. Luh, a DOJ Civil Division attorney working on the Guantanamo cases, and copied the General Counsel of the National Archives and Records Administration, Gary M. Stern. Plaintiff highlighted to DOJ that the D.C. Circuit's decision in *ACLU v. CIA*, 823 F.3d 655 (D.C. Cir. 2016), was not binding in courts – including in this Court – with jurisdiction over plaintiff's FOIA requests. Plaintiff asked DOJ to provide a representation that its actions in transferring its copy of the SSCI Report to the CSO had not undermined plaintiff's active FOIA request for DOJ's copy of the SSCI Report.

5

27. On March 8, 2017, the DOJ responded by stating, "We have been advised that, if a court . . . determined in a final order that the SSCI Report was subject to the FOIA, the Department would ensure compliance with any such final determination, including the processing of the report in accordance with the FOIA."

28. On March 9, 2017, former SSCI Chairman, Sen. Dianne Feinstein, and three other U.S. Senators sent a letter on the same issue to Attorney General Jeff Sessions expressing concern that DOJ had apparently "formally divested itself of its only copy" of the SSCI Report and urging the Attorney General to respond by either clarifying that it had not divested itself of its only copy or by replacing DOJ's copy.

29. On information and belief, DOJ did not respond to the letter from former Chairman Sen. Feinstein and the other Senators.

30. In a letter dated March 29, 2017, plaintiff timely appealed DOJ's partial response to his FOIA request.

31. In a letter dated May 4, 2017, DOJ denied plaintiff's appeal of DOJ's partial response and stated that DOJ estimated it would complete the rest of plaintiff's requests by July 17, 2017.

32. The plaintiff has exhausted his administrative remedies as to those portions of the FOIA request adjudicated in DOJ's appeal and DOJ is improperly withholding agency records in violation 5 U.S.C. § 552. As to the remaining portions of plaintiff's request, the 20-day statutory period for a substantive response has run, the 10-day period for "unusual circumstances" has run, and the estimated date of completion of the request has passed. As to these records, plaintiff has constructively exhausted his administrative remedies and DOJ is improperly withholding agency records in violation 5 U.S.C. § 552.

## PLAINTIFF'S FBI FOIA REQUESTS

33. On information and belief, FBI received at least one copy of the December 2012 SSCI Report.

34. In December 2014, the FBI received a copy of the final SSCI Report.

35. Specifically, then-Chairman of the SSCI, Sen. Dianne Feinstein, sent a December 2014 letter to then-President Barack Obama and copied then-FBI Director, James B. Comey. The letter enclosed a copy of the full SSCI Report.

36. In March 2015, then-FBI Director James B. Comey testified in a Senate hearing that certain FBI employees had read the "entire" SSCI Report.

37. On December 21, 2016, plaintiff submitted a FOIA request to FBI that requested a copy of the final SSCI Report that was sent to the FBI Director that was stored in the OLA SCIF. Plaintiff also requested copies of any other copies of the SSCI Report – whether final or draft form and whether in paper or electronic form - as well as records that quote the SSCI Report. Plaintiff also requested other records related to any copies of the SSCI Report that were removed, transferred, or destroyed and any communications between DOJ and a number of other entities regarding how to handle or treat copies of the SSCI Report. Plaintiff's FOIA request to FBI is attached as Exhibit D.

38. On information and belief, at the time of plaintiff's FOIA request FBI continued to possess at least one copy of the December 2012 SSCI Report.

39. On information and belief, at the time of plaintiff's FOIA request FBI possessed at least one copy of the final SSCI Report.

40. FBI assigned tracking number FOIPA 1363703-000 to plaintiff's FOIA request. On January 9, 2017, FBI responded, stating that it was unable to locate any documents responsive to plaintiff's FOIA request.

41. In a letter dated March 29, 2017, Plaintiff timely appealed.

42. The 20-day statutory period for FBI to adjudicate the appeal has run, defendant FBI continues to improperly withhold agency records in violation of 5 U.S.C. § 552, and plaintiff has constructively exhausted his administrative remedies.

## PLAINTIFF'S DOD FOIA REQUESTS

43. On information and belief, the DOD received at least one copy of the December 2012 SSCI Report.

44. Specifically, in December 2012, then-Chairman of the SSCI, Sen. Dianne Feinstein, sent a letter to then-President Barack Obama and copied then-Secretary of Defense, Leon Panetta, stating that the SSCI had "completed its study of the CIA's former detention and interrogation program and has produced a 6,000 page report, complete with an executive summary, findings, and conclusions" and that the SSCI had "approved the report by a vote of 9-6." The letter further stated that Chairman Feinstein was "sending copies of the report to appropriate Executive Branch agencies" and requested that "any response from these agencies" and "any suggested edits or comments" be sent to the SSCI by Feb. 15, 2012.

45. In December 2014, the DOD received a copy of the final SSCI Report.

46. Specifically, then-Chairman of the SSCI, Sen. Dianne Feinstein, sent a December 2014 letter to then-President Barack Obama and copied then-Secretary of Defense, Chuck Hagel. The letter enclosed a copy of the final SSCI Report.

8

47. The copy of the final SSCI Report enclosed in the correspondence with the Secretary of Defense was placed in the SCIF of the Under Secretary of Defense for Intelligence.

48. On information and belief, the DOD created a second electronic copy of the final SSCI Report on a laptop in the SCIF office of the DOD Deputy General Counsel (Intelligence) in order to advise on litigation and legal issues.

49. On December 21, 2016, plaintiff submitted a FOIA request to DOD that requested a copy of the final SSCI Report that was located in the SCIF of the Under Secretary of Defense for Intelligence and a copy of the copy on a laptop of the DOD Deputy General Counsel. Plaintiff also requested copies of any other copies of the SSCI Report – whether final or draft form and whether in paper or electronic form - as well as records that quote the SSCI Report. Plaintiff also requested other records related to any copies of the SSCI Report that were removed, transferred, or destroyed and any communications between DOD other entities regarding how to treat copies of the SSCI Report. Plaintiff also requested records describing the Deputy General Counsel's access to the SSCI Report for litigation purposes. Plaintiff's FOIA request to the DOD is attached as Exhibit E.

50. On information and belief, at the time of plaintiff's FOIA request the DOD continued to possess at least one copy of the December 2012 SSCI Report.

51. On information and belief, at the time of plaintiff's FOIA request the DOD continued to possess at least two copies of the final SSCI Report.

52. DOD assigned case number 17-F-0370 to plaintiff's FOIA request and cited "unusual circumstances" necessitating additional time to respond.

9

53. The 20-day statutory period for substantively responding to the FOIA request an any additional period for "unusual circumstances" under 5 U.S.C. § 552 has run, defendant DOD is improperly withholding records, and plaintiff has constructively exhausted his administrative remedies.

## PLAINTIFF'S ODNI FOIA REQUESTS

54. On information and belief, the ODNI received at least one copy of the December 2012 SSCI Report.

55. Specifically, in December 2012, then-Chairman of the SSCI, Sen. Dianne Feinstein, sent a letter to then-President Barack Obama and copied then-Director of National Intelligence, James Clapper, stating that the SSCI had "completed its study of the CIA's former detention and interrogation program and has produced a 6,000 page report, complete with an executive summary, findings, and conclusions" and that the SSCI had "approved the report by a vote of 9-6." The letter further stated that Chairman Feinstein was "sending copies of the report to appropriate Executive Branch agencies" and requested that any response and "any suggested edits or comments" be sent to SSCI by Feb. 15, 2012.

56. In December 2014, the ODNI received a copy of the final SSCI Report.

57. Specifically, then-Chairman of the SSCI, Sen. Dianne Feinstein, sent a December 2014 letter to then-President Barack Obama and copied then-Director of National Intelligence, James Clapper. The letter enclosed a copy of the final SSCI Report.

58. On December 21, 2016, plaintiff submitted a FOIA request to ODNI that requested a copy of the final SSCI Report. Plaintiff also requested copies of any other copies of the SSCI Report – whether final or draft form and whether in paper or electronic form - as well as records that quote the SSCI Report. Plaintiff also requested other records

related to any copies of the SSCI Report that were removed, transferred, or destroyed and any communications between ODNI and other entities regarding how to treat copies of the SSCI Report. Plaintiff's FOIA request to the ODNI is attached as Exhibit F.

59. On information and belief, at the time of plaintiff's FOIA request the ODNI continued to possess at least one copy of the December 2012 SSCI Report.

60. On information and belief, at the time of plaintiff's FOIA request the ODNI continued to possess at least one copy of the final SSCI Report.

61. ODNI assigned case number DF-2017-00099 and advised that ODNI "may be unable to provide a response" within 20 working days. ODNI noted that plaintiff could treat this as a denial, but stressed that "**[i]t would seem more reasonable, however to allow us sufficient time to continue processing your request and respond as soon as we can**" (emphasis in original).

62. The 20-day statutory period for substantively responding to the FOIA request under 5 U.S.C. § 552 has run, defendant ODNI is improperly withholding records, and plaintiff has constructively exhausted his administrative remedies.

### PLAINTIFF'S DOS FOIA REQUEST

63. On information and belief, the DOS received at least one copy of the December 2012 SSCI Report.

64. Specifically, in December 2012, then-Chairman of the SSCI, Sen. Dianne Feinstein, sent a letter to then-President Barack Obama and copied then-Secretary of State, Hillary Clinton, stating that the SSCI had "completed its study of the CIA's former detention and interrogation program and has produced a 6,000 page report, complete with an executive summary, findings, and conclusions" and that the SSCI had "approved the

11

report by a vote of 9-6." The letter further stated that Chairman Feinstein was "sending copies of the report to appropriate Executive Branch agencies" and requested that "any response " and "any suggested edits or comments" be sent to the SSCI by Feb. 15, 2012.

65. In December 2014, DOS received a copy of the final SSCI Report.

66. Specifically, then-Chairman of the SSCI, Sen. Dianne Feinstein, sent a December 2014 letter to then-President Barack Obama and copied then-Secretary of State, John F. Kerry. The letter enclosed a copy of the full SSCI Report.

67. DOS initially placed the SSCI Report enclosed with the letter into a secure storage facility. DOS later transferred it to a secured location within the Bureau of Intelligence and Research. DOS later marked the outside of the envelope "Congressional Record – Do Not Open, Do Not Access."

68. On December 21, 2016, plaintiff submitted a FOIA request to DOS that requested a copy of the final SSCI Report. Plaintiff also requested copies of any other copies of the SSCI Report – whether final or draft form and whether in paper or electronic form - as well as records that quote the SSCI Report. Plaintiff also requested other records related to any copies of the SSCI Report that were removed, transferred, or destroyed and any communications between DOS and a number of other entities regarding how to handle or treat copies of the SSCI Report. Plaintiff also requested records related to when and why the DOS marked the envelope containing the SSCI Report with "Congressional Record." Plaintiff's FOIA request to DOS is attached as Exhibit G.

69. On information and belief, at the time of plaintiff's FOIA request the ODNI continued to possess at least one copy of the December 2012 SSCI Report.

70. On information and belief, at the time of plaintiff's FOIA request the ODNI continued to possess at least one copy of the final SSCI Report.

71. DOS assigned tracking number F-2016-17675.

72. The 20-day statutory period for substantively responding to the FOIA request under 5 U.S.C. § 552 has run, defendant DOS is improperly withholding agency records, and plaintiff has constructively exhausted his administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(1) Order defendants DOJ, FBI, DOD, ODNI, and DOS to produce requested records;

(2) Award plaintiff costs as provided in 5 U.S.C. § 552(a)(4)(E); and

(3) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Douglas Cox
City University of New York School of Law
Two Court Square
Long Island City, NY 11101
(718) 340-4241
douglas.cox@law.cuny.edu

*Plaintiff*

Dated: July 31, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2017, I electronically transmitted the foregoing to the clerk of the court for the United States District Court for the Eastern District of New York using the CM/ECF filing system.

Douglas Cox
City University of New York School of Law
Two Court Square
Long Island City, NY 11101
(718) 340-4241
douglas.cox@law.cuny.edu