**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

DOUGLAS COX,                                     )
                                                 )
   Plaintiff,                                    )
                                                 )
v.                                               )
                                                 )        Case No. 1:17-cv-3329
                                                 )        RRM-RLM
DEPARTMENT OF JUSTICE, et al.,                   )
                                                 )
   Defendants.                                   )
                                                 )

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI"), the

Department of Defense ("DoD"), the Office of the Director of National Intelligence ("ODNI")

and the Department of State ("the State Department"), hereby answer the Complaint filed by

Plaintiff Douglas Cox (Dkt. No. 1) in the following numbered paragraphs, which correspond to

the Complaint's numbered paragraphs:

1.      The allegations in this paragraph characterize Plaintiff's action and require no

response.

2.      The allegations in this paragraph characterize Plaintiff's request.  Defendants

admit that they received requests related to the Senate Select Committee on Intelligence's Study

of the CIA detention and Interrogation Program ("SSCI Report"); the Court is referred to those

communications for a full and accurate statement of their contents.

3.      Admit the first sentence, and admit that Plaintiff had some pending administrative

appeals.  The second sentence characterizes a media report to which no response is required.  To

the extent a response is deemed required, Defendants respectfully refer the Court to the cited

report for a full and accurate statement of its contents.  Admit the third sentence.

4.      The allegations in this paragraph contain legal conclusions, to which no response

is required.

5.      Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations in this paragraph.

6-10.  The allegations in these paragraphs contain legal conclusions, to which no

response is required.

11.      Deny and aver that Senator Feinstein caused a draft of the SSCI Report to be

delivered to DOJ.

12.      Admit that Senator Feinstein sent a letter dated December 14, 2012 to the

President and others.  Defendants admit that Exhibit A appears to be a copy of that letter.  The

remainder of this paragraph purports to summarize or characterize the Feinstein letter.  To the

extent a response is deemed required, Defendants respectfully refer the Court to the letter for a

full and accurate statement of its contents.

13.       Deny except to admit that some DOJ employees reviewed some portions of the

draft report.

14.      Deny except to admit that Sen. Feinstein caused a disc containing the full SSCI

report to be delivered to the Department of Justice.

15.      Admit that Senator Feinstein sent a letter to the President and others dated

December 10, 2014.  Defendants admit that Exhibit B appears to be a copy of that letter.  The

remainder of this paragraph purports to summarize or characterize the second Feinstein letter.

To the extent a response is deemed required, Defendants respectfully refer the Court to the letter

for a full and accurate statement of its contents.

16.     Deny except to admit that DOJ received Sen. Feinstein's letter and assigned the

letter a tracking number, and that the letter without the attachment was entered into a DOJ

correspondence management system.

17.     Deny except to admit that the letter without the attachment was entered into a

DOJ correspondence management system.

18.     Deny except to admit that the letter from Sen. Feinstein without the attachment

was entered into the DOJ system for congressional correspondence.

19.     Admit.

20.     Admit that DOJ received a FOIA request dated December 21, 2016; the

remainder of this paragraph purports to summarize the contents of Plaintiff's December 2016

FOIA request to DOJ, to which no response is required.  To the extent a response is deemed

required, Defendants respectfully refer the Court to the FOIA request for a full and accurate

statement of its contents.  Defendants admit that Exhibit C appears to be a copy of that letter.

21.     Admit that on December 21, 2016, DOJ held at least one copy of the draft report

from December 2012.

22.     Admit.

23.     Admit.

24.     Admit the first sentence.  *See al-Nashiri v. Trump*, No. 08-cv-1207 (RCL), ECF

No. 275.  With respect to the second sentence, admit that DOJ provided the final report to the

Court Security Officer in compliance with the Court's order in *al-Nishiri*.

25.     Admit that DOJ responded to plaintiff's FOIA request by letter dated February 24, 2017; the remainder of this paragraph purports to summarize or characterize the contents of the letter, and no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

26.     Admit that DOJ received a letter dated February 28, 2017, which references the SSCI Report; the remainder of the paragraph purports to summarize the contents of the letter, and no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

27.     Admit that DOJ responded by letter dated March 8, 2017. The remainder of the paragraph purports to summarize or partially quote the contents of the letter, and no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

28.     Admit that DOJ received a letter dated March 9, 2017 from U.S. Senators which references the SSCI Report; the remainder of the first and second sentences purports to summarize the contents of the letter, and no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

29.     Admit.

30.     Admit that Plaintiff filed an administrative appeal by letter dated March 29, 2017. The remainder of this paragraph purports to characterize DOJ's response and states a legal conclusion, to which no response is required.

31.     Admit that DOJ responded by letter dated May 4, 2017. The remainder of this paragraph purports to characterize DOJ's response, to which no response is required. To the

extent that a response is deemed required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

32.     The allegations in this paragraph contain legal conclusions, to which no response is required; to the extent a response is required, Defendants deny that DOJ is improperly withholding records.

33.     Admit that a copy of the draft report was delivered to FBI.

34.     Denied.

35.     Admit that Senator Feinstein sent a letter to the President and others dated December 10, 2014.  The remainder of this paragraph purports to summarize or characterize the Feinstein letter.  To the extent a response is deemed required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

36.     Admit that James Comey testified before the Senate Appropriations Committee on March 12, 2015.  The remainder of this paragraph purports to characterize portions of that testimony, and no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the transcript for a full and accurate statement of its contents.

37.     Admit that FBI received a FOIA request dated December 21, 2016; the remainder of this paragraph purports to summarize the contents of Plaintiff's December 2016 FOIA Request to FBI, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

38.     Admit.

39.     Deny.

40.     Admit the first sentence.  Admit that FBI responded by letter dated January 9, 2017; the remainder of this paragraph purports to summarize the contents of the letter, and no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

41.     Admit that Plaintiff filed an appeal by letter dated March 29, 2017; this paragraph also states a legal conclusion, to which no response is required.

42.     The allegations in this paragraph contain legal conclusions, to which no response is required; to the extent a response is required, Defendants deny that FBI is improperly withholding records.

43.     Deny.

44.     Admit that Senator Feinstein sent a letter dated December 14, 2012 to the President and others.  The remainder of this paragraph purports to summarize or characterize the Feinstein letter.  To the extent a response is deemed required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

45.     Deny except to admit that Sen. Feinstein caused a copy of the final SSCI report to be sent to DOD.

46.     Admit that Senator Feinstein sent a letter to the President and others dated December 10, 2014.  The remainder of this paragraph purports to summarize or characterize the Feinstein letter.  To the extent a response is deemed required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

47.     Admit.

48.     Admit.

49.     Admit that DOD received a FOIA request dated December 21, 2016. Defendants admit that Exhibit E appears to be a copy of that letter.  The remainder of this paragraph purports to summarize the contents of Plaintiff's December 2016 FOIA request to DOD, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

50.     Deny.

51.     Admit.

52.     Admit.

53.  The allegations in this paragraph contain legal conclusions, to which no response is required; to the extent a response is required, Defendants deny that DOD is improperly withholding records.

54.     Deny except to admit that Sen. Feinstein caused a copy of the draft SSCI report to be sent to ODNI.

55.     Admit that Senator Feinstein sent a letter dated December 14, 2012 to the President and others.  The remainder of this paragraph purports to summarize or characterize the Feinstein letter.  To the extent a response is deemed required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

56.     Deny except to admit that Sen. Feinstein caused a copy of the final SSCI report to be delivered to ODNI.

57.     Admit that Senator Feinstein sent a letter to the President and others dated December 10, 2014.  The remainder of this paragraph purports to summarize or characterize the Feinstein letter.  To the extent a response is deemed required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

58.     Admit that ODNI received a FOIA request dated December 21, 2016; Exhibit F appears to be a copy of that letter.  The remainder of this paragraph purports to summarize the contents of Plaintiff's December 2016 FOIA Request to ODNI, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

59.     Admit.

60.     Admit.

61.     Admit.

62.     The allegations in this paragraph contain legal conclusions, to which no response is required; to the extent a response is required, Defendants deny that ODNI is improperly withholding records.

63.     Deny except to admit that Sen. Feinstein caused a copy of the draft SSCI report to be sent to the State Department.

64.     Admit that Senator Feinstein sent a letter dated December 14, 2012 to the President and others.  The remainder of this paragraph purports to summarize or characterize the Feinstein letter.  To the extent a response is deemed required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

65.     Deny except to admit that Sen. Feinstein caused a copy of the final SSCI report to be delivered to the State Department.

66.     Admit that Senator Feinstein sent a letter to the President and others dated December 10, 2014.  The remainder of this paragraph purports to summarize or characterize the Feinstein letter.  To the extent a response is deemed required, Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

67.     Admit.

68.     Admit that the State Department received a FOIA request dated December 21, 2016; Exhibit G appears to be a copy of this request.  The remainder of this paragraph purports to summarize the contents of Plaintiff's December 2016 FOIA Request to the State Department, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA request for a full and accurate statement of its contents.

69.     Admit.

70.     Admit.

71.     Admit.

72.     The allegations in this paragraph contain legal conclusions, to which no response is required; to the extent a response is required, Defendants deny that the Department of State is improperly withholding records.

The remaining paragraphs of the Complaint contain Plaintiff's requested relief, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the remaining paragraphs of the Complaint and aver that Plaintiff is not entitled to any relief.  Defendants also deny all allegations in the Complaint not expressly admitted or denied.

Dated:  August 18, 2017

Respectfully Submitted,

CHAD READLER
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

/s/Amy E. Powell
AMY E. POWELL
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice

310 New Bern Avenue, Suite 800
Federal Building
Raleigh, NC 27601-1461
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov